# EXHIBIT A

*To Parties March 1, 2018 Letter re. Discovery Disputes*

(Plaintiff's December 11, 2017 First Set of Interrogatories and Document Demands)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SEBASTIAN ARBELAEZ, et al.,

                                Plaintiffs,

      -against-                                        17-CV-6543 (RJS)

THE CITY OF NEW YORK, et al.,

                                Defendants.
------------------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

Pursuant to Rule 26, 33 and 34 of the Federal Rules of Civil Procedure, and Local Rules 26.3 and 33.1, plaintiffs Sebastian Arbelaez, Luz Arbelaez, Deborah Arbelaez, and Pablo Arbelaez ("plaintiffs") request that defendants the City of New York and Police Officers Detective Doris Lopez, Sergeant Ryan Boylan, Sergeant Brian Winrow, Detective Mack Lipinski, and John and/or Jane Does 1, 2, 3, etc., answer under oath the following Interrogatories and produce for inspection and copying the documents specified herein, on or before January 12, 2018, at the offices of Beldock Levine & Hoffman LLP, 99 Park Avenue, Suite 2600, New York, NY 10016.

**DEFINITIONS AND INSTRUCTIONS**

In addition to the Uniform Definitions in Discovery Requests of Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the following definitions and instructions apply to each of the Interrogatories and Document Requests ("Requests") set forth below, and are deemed to be incorporated therein except to the extent a particular Interrogatory or Request may contain contrary definitions and instructions.

1

A. The "City" refers to and includes the defendants, The City of New York, and all agencies or other subdivisions thereof, its attorneys, agents, employees or representatives.

B. The term "Incident" is used broadly herein to mean the incidents forming the basis of the instant action, and includes the facts and events alleged in plaintiffs' Complaint, and the prior and subsequent events and occurrences that are pertinent thereto, either directly or indirectly, including, without limitation, the investigation that resulted in Detective Doris Lopez obtaining Search Warrant No. 181-2015 issued by the Bronx County Criminal Court, the investigation that resulted in plaintiffs' arrest on May 29, 2015, and the arrest and prosecution of the plaintiffs.

C. Only one copy of each document is to be produced; however, any document which varies in any way so that it is not identical to the one produced is to be considered a separate document and must be produced.

D. These Interrogatories and Requests shall be deemed continuing so as to require further and supplemental response and production by defendants in the event they discover or obtain additional information or documents between the time of initial response and production and the time of hearing or trial.

E. If any document covered by these Requests is withheld by reason of a claim of privilege, provide a privilege log contemporaneously with the response that (i) identifies the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the states' privilege rule being invoked; and (ii) provides the following information with respect to any such

document withheld: author, receipt, sender, indicated and blind copies, date, general subject matter, and the particular Request(s) to which such document is responsive.

F.   In the event that a document called for by these Requests has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

G.   To the extent responsive documents have already been produced to Plaintiffs by Defendants, so state the Bates number(s) in response to the request.

H.   These Requests cover all documents in the possession, custody and control of Defendants, whether they are located in Defendants' offices or in the residence or office of any officer, director or agent (including accountants and attorneys) of the individual defendants.

## INTERROGATORIES

1.   Identify the member(s) of the NYPD who initiated the investigation that resulted in Search Warrant 181-2015 being issued.

2.   Identify the supervisor(s) who approved the request for any search warrants concerning the Incident.

3.   Identify all members of the NYPD who went to 2416 Webster Avenue, Apartment 1S, Bronx, New York, on or about the morning of May 29, 2015.

4. Identify any members of the NYPD who had verbal communications with plaintiffs at 2416 Webster Avenue, Apartment 1S, Bronx, New York, on or about the morning of May 29, 2015, and state the sum and substance of those communications.

5. Identify all members of the NYPD who made or participated in the decision to detain and/or arrest plaintiffs at 2416 Webster Avenue, Apartment 1S, Bronx, New York, on or about the morning of May 29, 2015.

6. Identify the type and location of any contraband or illegal substances allegedly recovered from 2416 Webster Avenue, Apartment 1S, Bronx, New York, on or about the morning of May 29, 2015, and identify for each item: the individual members of the NYPD who defendants claim witnessed each item in its location; and who defendants claim recovered each item from that location.

7. Identify all documents created by and/or for the NYPD which were given to the Bronx County District Attorney's office by the NYPD at any time concerning the Incident.

8. Identify if any confidential informants who were involved in the Incident are presently active confidential informants with the NYPD.

9. Identify the "contact(s)"[1] for any confidential informants who were involved in the Incident.

10. Identify all persons, including members of the NYPD and Bronx County District Attorney's Office, with whom defendants have discussed this lawsuit and the Incident, including, but not limited to, the events leading up to plaintiffs' arrest; the facts concerning plaintiffs'

---

[1] As defined by NYPD Patrol Guide Procedure No. 212-68, a "contact" is defined as "[a] uniformed member of the service who has developed a confidential relationship with an informant for the purpose of obtaining criminal intelligence."

arrest; and the application for Warrant # 181-2015. If any of those persons are members of the NYPD or Bronx County District Attorney's Office, identify them by name and title.

## SPECIFIC DOCUMENT REQUESTS

1. A complete copy of all NYPD case and arrest files concerning the Incident.

2. All documents concerning any search warrant applications concerning the Incident, including, but not limited to:

    a. All search warrant requests;
    b. All search warrants;
    c. All search warrant affidavits; and
    d. All interviews, statements, and all other evidence collected.

3. All photographs and diagrams of 2416 Webster Avenue, Apartment 1S, Bronx, New York.

4. All requests for investigative funds regarding the Incident.

5. All documents concerning efforts to corroborate information provided by confidential informants regarding the Incident.

6. All Supervisor's Reports concerning the Incident prepared pursuant to NYPD Patrol Guide Procedure No. 212-75(5).

7. All Borough Executive Officer's (or their counterpart) endorsements and instructions of all search warrant applications concerning the Incident (*see* NYPD Patrol Guide Procedure No. 212-75(10) and (12)).

8. All Warrant Tracking System-Pre-Warrant Data Entry (PD374-143) reports concerning the Incident.

9. All documents concerning efforts to confirm that all information used to obtain Search Warrant No. 181-2015 was still valid prior to execution (*see* NYPD Patrol Guide Procedure No. 212-105(3)).

10. All Search Warrant Plan Pre-Execution (PD374-150) reports concerning the Incident.

11. All NYPD Property Clerk's Invoices concerning the Incident.

12. All Receipt for Property Taken Under Search Warrant (Court Form 155) forms concerning the Incident.

13. All documents concerning prisoner debriefings.

14. All Warrant Tracking System-Post-Warrant Data Entry (PD374-143A) forms concerning the Incident.

15. All Search Warrant Plan Post-Execution (PD374-150A) reports concerning the Incident.

16. All post-warrant critiques concerning the Incident (*see* NYPD Patrol Guide Procedure No. 212-106(2)).

17. All documents concerning any drugs, contraband, or physical evidence gathered or obtained concerning the Incident.

18. All documents concerning any scientific tests conducted at any time concerning the Incident, including, but not limited to, all documents concerning the NYPD Laboratory Report for Laboratory No. 2015-046190.

19. A copy of NYPD Property Clerk's Invoice No. 2000433291 printed out from the NYPD Property Evidence Tracking System database after December 11, 2017.

20. All documents concerning any interviews of witnesses concerning the Incident.

21. All photographs, video, and digital images concerning the Incident.

22. All sound recordings concerning the Incident.

23. All documents concerning any communications with any Confidential Informant concerning the Incident.

24. All documents concerning the application for Search Warrant No. 181-2015.

25. The complete arrest history and criminal history of any Confidential Informant who participated in the Incident.

26. All documents concerning the selection, approval, and/or registration of any Confidential Informant involved in the Incident as a confidential informant with the NYPD, including, but not limited to:

    a. Confidential Informant Registration/Reactivation Request forms (*e.g.*, PD378-161);

    b. Confidential Informant Registration/Reactivation Request Supplemental forms (*e.g.*, PD378-161A); and

    c. Confidential Informant Computer Database Checks forms (*e.g.*, PD314-091);

27. All Confidential Informant Self Inspection worksheets concerning all confidential informants who were involved in the Incident.

28. All Confidential Informant Information Change, Activity and Payment forms (PD378-083) concerning the Incident.

29. All Confidential Informant Database Inquiry forms (*e.g.*, PD378-162) concerning the Incident.

30. All documents reviewing, evaluating, and rating the Confidential Informant regarding the Incident, including, but not limited to Confidential Informant Registration/Reactivation Request forms (*e.g.*, PD378-161).

31. All Organized Crime Control Bureau Supervisor's Monthly Activity Reports concerning the Incident.

32. All documents regarding the number of searches conducted as a result of warrants obtained upon the word and information of any Confidential Informant who participated in the Incident, including, but not limited to, documents specifying what contraband, if any, was obtained in each search and what conviction for what offense, if any, resulted.

33. Copies of the following Procedures from the Organized Crime Control Bureau Manual that were in effect on and about May 29, 2015:

    a. 10-05;
    b. 10-14;
    c. 10-65;
    d. 20-35;
    e. 20-69 through 20-70;
    f. 20-75 through 20-76;
    g. 30-16;
    h. 30-20;
    i. 30-30;
    j. 40-10 through 40-12;
    k. 40-15;
    l. 40-20; and
    m. 80-08 through 80-11.

34. Copies of the following Procedures from the NYPD Patrol Guide that were in effect on and about May 29, 2015:

    a. 212-08;
    b. 212-68;
    c. 212-75;
    d. 212-105;

    e. 212-106;
    f. 218-01; and
    g. 218-24.

35. A copy of NYPD Interim Order 23, Series 2006.

36. A copy of NYPD Interim Order 25, Series 2006.

37. To the extent not provided in Document Requests Nos. 1-16, *supra*, all documents concerning the Incident, including, but not limited to, the following (or their equivalent) documents, information and items:

    a. Complaint Reports and Worksheets (*e.g.*, UF61, PD313-152, PD313-152A);

    b. Scratch complaint reports;

    c. Complaint Follow-Up Reports/Informational/Second Sheets (*e.g.*, DD5, PD313-081, PD313-081A);

    d. UF-49 Reports or other interdepartmental memos;

    e. Booking Arraignment Disposition System ("BADS") computer/electronic data printouts, including, without limitation, the On-Line Prisoner Arraignment data ("OLPA"), Defendant Information, Arrest Information, Complainant/Victim Information, and Arresting Officer Information;

    f. Prisoner Pedigree Cards (*e.g.*, PD244-092);

    g. Arrest Report Runs;

    h. Memo Books/Activity Logs/Activity Log Supplements/Investigator's Daily Activity Reports (*e.g.*, PD112-145, PD439-156 or equivalent notebooks) used to record activities of NYPD personnel concerning the Incident, including but not limited to:

        i. all individual defendants;

        ii. Lieutenant Provencher;

   iii. Detective O'Connell; any

   iv. any other individuals identified in response to Interrogatory No. 3.

i. Photographs, videos, and/or surveillance footage;

j. The 48th Precinct Command Log/Precinct Log from May 29, 2015, through May 30, 2015;

k. The Organized Crime Control Bureau Command Log from April 1, 2015, through May 30, 2013;

l. The Organized Crime Control Bureau Movement Log from April 1, 2015, through May 30, 2013;

m. Property Clerk's Invoice Worksheets (*e.g.*, PD521-141A);

n. Property Clerk's Invoices (*e.g.*, PD521-141);

o. Prisoner Property Invoices;

p. Property Indexes (*e.g.*, PD542-103);

q. Property Logs (*e.g.*, PD521-147);

r. Request For Laboratory Examination Reports (*e.g.*, PD521-168);

s. Documents and/or electronically stored information maintained as part of the Property and Evidence Tracking System;

t. FINEST/OCA/CRIMS histories;

u. Documents prepared by NYPD personnel for transmittal to the Bronx County District Attorney's Office;

v. Background Checks/Criminal History Printouts;

    w. Unusual Occurrence Reports (*e.g.*, PD370-150, PD370-152, or equivalent typed reports on letterhead);

    x. SPRINT reports; and

    y. Pre-Arraignment Notification Forms;

38. Copies of all manuals, policy statements, memoranda, training bulletins, directives, training materials, patrol guide sections, references, resource material, and documents concerning issues similar to those alleged in the Complaint, that have been provided or shown to the individual Defendants and all other officers and members of the NYPD who were involved in plaintiffs' arrest, including, but not limited to:

    a. applying for a search warrant;

    b. execution of a search warrant; and

    c. arresting and detaining individuals for unlawful and/or criminal possession of controlled substances;

39. All personnel records in the possession of the NYPD or the New York City Department of Personnel concerning each individual defendant police officer, including, but not limited to, the following documents:

    a. The complete psychological testing files of each individual Defendant police officer, including, but not limited to, the tests and the results administered by the NYPD prior to employment, on or about the time of employment and/or at any subsequent time during employment;

    b. Pre-employment records, including background investigations of each officer;

    c. Medical and mental health records;

    d. Central Personnel Index file records or other similarly defined records;

e. Personnel file maintained by the sefendant NYPD or the New York City Department of Personnel concerning each police Defendant;

f. All records relating to complaints concerning each police defendant, or involving each such defendant as a witness, made to the Civilian Complaint Review Board ("CCRB"), the Civilian Complaint Unit, and/or the Chief of Department;

g. All records maintained by the Internal Affairs Bureau or Inspectional Services Division concerning each police defendant, including, but not limited to, any records in "tickler" files maintained by the Internal Affairs Bureau;

h. Early Warning/Intervention records or other similarly defined records;

i. Requests for disability pension or early retirement, including, but not limited to, any such requests relating to and/or made for psychological reasons;

j. In-service training records, including syllabi and tests and individual scores by officers;

k. Records of requests for fitness for duty evaluations and the results of such evaluations;

l. Psychological Services Unit (PSU) records or other similarly defined records as to each individual defendant police officer;

m. To the extent not covered above, all documents relating to any civilian-generated or department-generated complaints of police misconduct, dereliction of duty or violations of the New York State penal laws or regulations of the City of New York and the NYPD, including, but not limited to, physical brutality, verbal abuse, and racially motivated violence or abuse;

n. All performance evaluations;

o. All documents pertaining to administrative proceedings arising from charges and specifications brought against any of the police defendants; and

      p. All documents concerning the actual administration of discipline imposed upon to any of the police defendants.

Dated: December 11, 2017
      New York, New York

                                                                          /s/
                                                  Marc A. Cannan
                                                  Beldock Levine & Hoffman LLP
                                                  99 Park Avenue, Suite 2600
                                                  New York, NY 10016
                                                  *Attorneys for Plaintiff*

TO:    Debra March, Esq.
          Assistant Corporation Counsel
          New York City Department of Law
          100 Church Street
          New York, NY 10007
          *Attorneys for the Defendants*