UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
SEBASTIAN ARBELAEZ, et al.,     :
          :
          Plaintiffs,     :
          :     17-CV-6543 (JMF)
      -v-     :
          :     MEMORANDUM OPINION
CITY OF NEW YORK, et al.,     :     AND ORDER
          :
          Defendants.     :
          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On October 31, 2019, the Court issued an Opinion and Order holding that Plaintiffs in this Section 1983 case are not entitled to discovery of the identity of an unidentified confidential informant (the "CI"), but may depose him or her "under conditions designed to protect his or her identity from disclosure." *Arbelaez v. City of New York*, No. 17-CV-6543 (JMF), 2019 WL 5634174, at *1 (S.D.N.Y. Oct. 31, 2019) (ECF No. 167). On November 14, 2019, Defendants filed a motion for reconsideration of that portion of the Court's October 31, 2019 Opinion and Order authorizing a deposition of the CI, supported by a new declaration from William Viscardi, a New York Police Department Inspector. ECF Nos. 171-72. In the same motion, Defendants sought leave to file Inspector Viscardi's declaration under seal. *See* ECF No. 172, at 1 n.2.

      Defendants' motions are summarily DENIED. As a threshold matter, Defendants' motion is procedurally improper. Putting aside the fact that the Local Rules do not permit motions for reconsideration to be supported by letter briefs, as Defendants' is, *see* ECF No. 171, Local Civil Rule 6.3 provides that "[n]o affidavits shall be filed by any party unless directed by the Court." S.D.N.Y. Local R. 6.3. Yet Defendants did not obtain leave of Court to submit a new declaration. More fundamentally, it is well established that a motion for reconsideration "is

not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citations omitted). Applying that standard here, the motion is meritless. When push comes to shove, Defendants' motion is little more than an attempt to get a second bite at the apple, supported by a more detailed declaration than the "conclusory" one that the Court found "insufficient" in its earlier Opinion. 2019 WL 5634174, at *4.[1] The law does not indulge Defendants such a do over.

In any event, even if the Court were to entertain Defendants' efforts to relitigate the matter and consider the new declaration, their arguments fall short. That is, Inspector Viscardi's new declaration, although certainly more detailed, does not change the Court's analysis or conclusion. The Court does not quarrel (and did not quarrel in its earlier Opinion) with the proposition that disclosure of a confidential informant's identity can put the confidential informant in grave danger — and, by extension, that there is a strong need to protect the identities of those who serve as confidential informants. That is, after all, the premise of the informer's privilege. *See* 2019 WL 5634174, at *2. But the Court *upheld* Defendants' invocation of the informer's privilege in its earlier Opinion, and thus denied Plaintiffs' motion seeking disclosure of the CI's identity. *See id.* at *3. The Court did grant Plaintiffs' alternative

---

[1] Inspector Viscardi's declaration does contain some information regarding the CI's current status that was unavailable at the time the original motion was briefed. But nothing prevented Defendants from submitting a supplemental declaration prior to the Court's October 31, 2019 ruling if the facts had changed.

request to depose the CI — but only with appropriate "limitations and precautions in place" to protect the CI's identity. *Id.* at *4. Inspector Viscardi's declaration and Defendants' letter ignore that critical qualification — and certainly do not suggest, let alone establish, that there are no "limitations and precautions" that could be taken to protect the CI's identity. Thus, Inspector Viscardi's declaration and, by extension, Defendants' motion are built on a false premise.

Finally, Defendants' request to file Inspector Viscardi's new declaration under seal in its entirety is groundless. That is not a function of — in Defendants' words — a mere "preference" of this Court "that information be filed on the public docket." ECF No. 172, at 1 n.2. It is a function of well-established law, which imposes a "strong . . . presumption" in favor of public access to judicial documents and provides that "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (internal quotation marks omitted); *see generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Sealing Inspector Viscardi's new declaration in its entirety would not be consistent with these standards as much of the declaration is devoted to generalized descriptions of the dangers that confidential informants face if their identities are revealed. Accordingly, Defendants' request to file the new declaration under seal in its entirety is denied, albeit without prejudice to a new application, in accordance with the procedures set forth in the Court's Individual Rules and Practices, to file the declaration with narrowly tailored redactions. Such application shall be made within three business days; in the absence of such an application, Defendants shall file the unredacted declaration on ECF.

For the foregoing reasons, Defendants' motions are denied. On a related note, pursuant to the Court's October 31, 2019 Opinion and Order, the parties had until November 14, 2019, to

file an agreed-upon protective order with limitations and precautions sufficient to protect the CI's identity from disclosure or, in the alternative, competing proposed orders and letters briefs in support of those orders. 2019 WL 5634174, at *4. Neither party did so. That may be because of Defendants' motion for reconsideration. But it is well established that the mere filing of a motion for reconsideration does not stay the order at issue. *See, e.g.*, *New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, No. 99-CV-2436 DLC, 2000 WL 377513, at *7 (S.D.N.Y. Apr. 12, 2000) ("[Any suggestion] that a *party* itself may stay an order merely by filing a motion for reconsideration is plainly frivolous. A court's order remains in force until it is vacated or stayed, and a party disregards such an order at its peril." (citing *Tekkno Labs., Inc. v. Perales,* 933 F.2d 1093, 1099 (2d Cir. 1991)). Accordingly, no later than **Thursday, November 21, 2019**, the parties shall comply with the Court's prior Order or sanctions may be imposed.

The Clerk of Court is directed to terminate ECF No. 171.

SO ORDERED.

Dated: November 18, 2019
New York, New York

JESSE M. FURMAN
United States District Judge